UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Kevin Cervenka, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>Jumpp Logistics, LLC and Couch Goat Quandary, LLC,<br><br>*Defendants.* | No. 4:21-cv-00813<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT** |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

**NOW COME** Defendants **JUMPP LOGISTICS, LLC** ("Jumpp") and **COUCH GOAT QUANDARY, LLC** ("Couch Goat" and collectively with Jumpp, the "Defendants") and file this their Defendants' Answer and Affirmative Defenses ("Answer") in response to Plaintiff **KEVIN CERVENKA**'s ("Plaintiff" or "Mr. Cervenka") Collective Action Complaint [Dkt. No. 1] (the "Complaint"), and would respectfully show the Court as follows:

**A.
DEFENDANTS' ADMISSIONS AND DENIALS**

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants make the following admissions and denials of Plaintiff's claims as stated in his Complaint.

**INTRODUCTION**

The introductory paragraph of Plaintiff's Complaint states and summarizes the parties' names, the legal authority Plaintiff contends is applicable to this action, and the damages Plaintiff

1

asserts in this action, and does not require a response. To the extent a response is required, Defendants incorporate by reference their admissions and denials as hereinafter stated, deny that Plaintiff and putative Collective Members are entitled to the relief sought, and admit that Plaintiff's Complaint purports to bring collective action claims against Defendants pursuant to the Fair Labor Standards Act (the "FLSA").

## I.     NATURE OF SUIT

1. With regard to the allegations contained in Paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action as a collective action pursuant to the FLSA. Defendants otherwise deny the allegations contained in Paragraph 1 of the Complaint.

2. With regard to the allegations contained in Paragraph 2 of the Complaint, Defendants admit that the FLSA was passed by Congress in 1938 and intended to regulate the wages and working hours of American workers, providing certain covered employees with a minimum wage and premium rate of pay for hours worked in excess of forty (40) hours in a single workweek. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint.

3. With regard to the allegations contained in Paragraph 3 of the Complaint, Defendants admit that the FLSA requires that employers pay certain covered employees working under conditions set forth in the statute a rate of not less than one and one-half times their regular rate for any hours worked in a single workweek in excess of forty (40) hours. Defendants further admit that Plaintiff accurately quotes and cites to various cases in support of this proposition. Defendants deny that Plaintiff and putative Collective Members are employees who are covered by certain provisions of the FLSA. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3 of the Complaint.

4. With regard to the allegations contained in Paragraph 4 of the Complaint, Defendants admit that the FLSA provides for a piece-rate compensation structure in Section 207(g) of the statute. Defendants further admit that Plaintiff cites to various cases interpreting the FLSA but deny the implication that Defendants utilized a piece-rate compensation system with the sole purpose of avoiding paying employees the Federal minimum wage, overtime, or both. Defendants deny that Plaintiff and putative Collective Members are employees who are covered by certain provisions of the FLSA. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint.

5. With regard to the allegations contained in Paragraph 5 of the Complaint, Defendants admit that the Regulations published by the Department of Labor set forth two primary methods for calculating overtime rates for piece-rate employees as delineated in 29 CFR §§ 778.111, 778.418. To the extent Plaintiff's remaining allegations in Paragraph 5 of the Complaint contain legal conclusions consistent with applicable law, the same are admitted, otherwise Plaintiff's remaining allegations in Paragraph 5 of the Complaint are denied.

6. With regard to the allegations contained in Paragraph 6 of the Complaint, Defendants admit that it did not pay Plaintiff or any putative Collective Members premium piece-rate compensation but deny that the piece-rate compensation policy utilized did not comply with the FLSA or FLSA regulations and deny that Plaintiff or any putative Collective Members were entitled to premium piece-rate compensation as alleged as Plaintiff and putative Collective Members are not employees who are covered by certain provisions of the FLSA.

7. With regard to the allegations contained in Paragraph 7 of the Complaint, Defendants admit that they have and will contend in this action that Plaintiff and any putative Collective Members were not employees of Defendants, instead being independent contractors and

therefore not subject to certain provisions of the FLSA. Defendants further admit that such classification issues are determined by application of the law to the facts and admit that Plaintiff cites to various cases reviewing such classification issues. To the extent Plaintiff's remaining allegations in Paragraph 7 of the Complaint contain legal conclusions consistent with applicable law, the same are admitted, otherwise Plaintiff's remaining allegations in Paragraph 7 of the Complaint are denied.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. With regard to the allegations contained in Paragraph 12 of the Complaint, Defendants admit that other independent contractor couriers were compensated for services pursuant to a similar procedure as that provided for Plaintiff but deny that such putative Collective Members are "similarly situated" or entitled to recover the damages sought.

## II. PARTIES

13. Defendants admit that Paragraph 13 of the Complaint incorporates by reference the allegations set forth previously in the Complaint and Defendants reassert their respective admissions and denials to such allegations as set forth previously herein.

14. With regard to the allegations contained in Paragraph 14 of the Complaint, Defendants admit that Plaintiff was contracted by Defendants for work as an independent contractor courier within the three-year period preceding the filing of this action. However, Defendants deny that Plaintiff was their employee and otherwise lack knowledge or information

therefore not subject to certain provisions of the FLSA. Defendants further admit that such classification issues are determined by application of the law to the facts and admit that Plaintiff cites to various cases reviewing such classification issues. To the extent Plaintiff's remaining allegations in Paragraph 7 of the Complaint contain legal conclusions consistent with applicable law, the same are admitted, otherwise Plaintiff's remaining allegations in Paragraph 7 of the Complaint are denied.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12. With regard to the allegations contained in Paragraph 12 of the Complaint, Defendants admit that other independent contractor couriers were compensated for services pursuant to a similar procedure as that provided for Plaintiff but deny that such putative Collective Members are "similarly situated" or entitled to recover the damages sought.

## II. PARTIES

13. Defendants admit that Paragraph 13 of the Complaint incorporates by reference the allegations set forth previously in the Complaint and Defendants reassert their respective admissions and denials to such allegations as set forth previously herein.

14. With regard to the allegations contained in Paragraph 14 of the Complaint, Defendants admit that Plaintiff was contracted by Defendants for work as an independent contractor courier within the three-year period preceding the filing of this action. However, Defendants deny that Plaintiff was their employee and otherwise lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 of the Complaint.

15. With regard to the allegations contained in Paragraph 15 of the Complaint, Defendants admit that other independent contract couriers were compensated via a piece-rate compensation structure for their services pursuant to a similar procedure as that provided for Plaintiff within the three-year period preceding the filing of this lawsuit but deny that such putative Collective Members are similarly situated as Plaintiff. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 of the Complaint, which are speculative in nature.

16. Defendants admit that Plaintiff and putative Collective Members contracted by Defendants to provide independent contractor courier services were engaged in commerce as provided by the FLSA but deny that Plaintiff and putative Collective Members were individual employees of Defendants.

17. Defendants admit Paragraph 17 of the Complaint.

18. Defendants admit Paragraph 18 of the Complaint.

### III.  JURISDICTION AND VENUE

19. Defendants admit that Paragraph 19 of the Complaint incorporates by reference the allegations set forth previously in the Complaint and Defendants reassert their respective admissions and denials to such allegations as set forth previously herein.

20. Defendants admit Paragraph 20 of the Complaint.

21. With regard to the allegations contained in Paragraph 21 of the Complaint, Defendants admit that this Court has personal jurisdiction over Defendants because Defendants are doing business in Texas and employ Texas residents. Defendants otherwise deny the

allegations contained in Paragraph 21 of the Complaint and specifically deny that Plaintiff and Collective Members were employed by Defendants since all couriers were/are independent contractors.

22. Defendants admit Paragraph 22 of the Complaint.

### IV. FLSA COVERAGE

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. With regard to the allegations contained in Paragraph 27 of the Complaint, Defendants admit that Plaintiff and putative Collective Members worked as independently contracted couriers occasionally transporting materials on behalf of one or more of Defendants' customers. Defendants otherwise deny the allegations contained in Paragraph 27 of the Complaint.

### V. JOINT EMPLOYERS

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. With regard to the allegations contained in Paragraph 29 of the Complaint, Defendants admit that until on or around August 22nd, 2020 Defendant Jumpp was a courier and logistics company and that Defendant Couch Goat became a courier and logistics company on or around August 22nd, 2020, providing services to multiple industries across the state of Texas through independent contractor couriers. Defendants admit that Defendant Jumpp utilized, and Defendant Couch Goat utilizes, software and W-2 dispatchers employed by third-parties to coordinate on-demand delivery of materials (including, but not limited to, Tiff's Treats deliveries)

through independent contractor couriers. Defendants otherwise deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants admit Paragraph 30 of the Complaint.

## VI.     FACTUAL ALLEGATIONS

31. Defendants admit that Paragraph 31 of the Complaint incorporates by reference the allegations set forth previously in the Complaint and Defendants reassert their respective admissions and denials to such allegations as set forth previously herein.

32. With regard to the allegations contained in Paragraph 32 of the Complaint, Defendants admit that Plaintiff a/k/a "Hank" intermittently worked as an independent contractor courier for Defendants from approximately February of 2020 to February of 2021 and that Plaintiff was recruited as an independent contractor by Defendants to work independently as a courier and to make cookie deliveries for Tiff's Treats. Defendants deny that Plaintiff's courier services were based solely on Tiff's Treats' business demands and needs.

33. With regard to the allegations contained in Paragraph 33 of the Complaint, Defendants admit that in addition to Plaintiff, it recruited and contracted with other independent contractor couriers, including individuals and entities, who made cookie deliveries for Tiff's Treats. Defendants deny that such courier services were based solely on Tiff's Treats' business demands and needs and otherwise lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 33 of the Complaint.

34. With regard to the allegations contained in Paragraph 34 of the Complaint, Defendants admit that Plaintiff and other independent contractor couriers were classified as independent contractors and paid pursuant to a schedule akin to piece-rate compensation structure—i.e., on a per delivery basis, in which they would receive a percentage of the delivery

fee. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's remaining allegations in Paragraph 34 of the Complaint.

35. With regard to the allegations contained in Paragraph 35 of the Complaint, Defendants admit that Plaintiff and putative Collective Members were and are independent contractors and sometimes made deliveries of Tiff's Treats' products on behalf of Defendants. Defendants further admit that Plaintiff and putative Collective Members in contracting with Defendants were provided with various guidelines and procedures consistent with Defendants' business interests, standards, and regulations. Defendants deny that they dictated the manner in which deliveries were performed and deny that the subject courier services were or are fully integrated into Tiff's Treats' cookie delivery business.

36. With regard to the allegations contained in Paragraph 36 of the Complaint, Defendants admit that Plaintiff and putative Collective Members accepted "dispatche[s]" through Defendants' use of a third-party software program to pick-up and deliver Tiff's Treats' orders from a Tiff's Treats location and admit that Defendants requested that independent contractor couriers wear blue/black polos with khaki pants and, if requested by Tiff's Treats, take photos showing products left at the delivery location. Defendants further admit that Plaintiff and putative Collective Members were paid pursuant to a schedule akin to piece-rate compensation structure—i.e., on a per delivery basis, receiving approximately fifty-five point five zero percent (55.50%) of each delivery fee and were not paid any overtime premium. Defendants specifically deny that deliveries were made at the discretion of Defendants and upon information and belief, deny that Plaintiff and putative Collective Members worked between forty (40) and fifty (50) hours a week and would work as many as sixty (60) hours in a single workweek. Defendants otherwise deny the remaining allegations contained in Paragraph 36 of the Complaint.

37. With regard to the allegations contained in Paragraph 37 of the Complaint, Defendants admit that Plaintiff was paid primarily a piece-rate for each delivery made (fifty-five point five zero percent (55.50%) of the delivery fee) regardless of hours worked but may have received tips from one or more of Tiff's Treats' customers. To the extent Plaintiff's allegations in Paragraph 37 refer to an alleged factual occurrence and are not hypothetical in nature, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations. Defendants otherwise deny the remaining allegations contained in Paragraph 37 of the Complaint.

38. With regard to the allegations contained in Paragraph 38 of the Complaint, Defendants admit that Plaintiff was paid only a piece-rate for each delivery made (excluding any tips received by Plaintiff from Tiff's Treats' or other third-party customers) and was not paid time and one-half his regular rate for time spent working over forty (40) hours in a workweek, if any. To the extent Plaintiff's allegations in Paragraph 38 refer to alleged specific alleged instances where Plaintiff purports to have worked over forty (40) hours in a specific workweek, if any, Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations.

39. Defendants admit Paragraph 39 of the Complaint.

40. With regard to the allegations contained in Paragraph 40 of the Complaint, Defendants admit that delivery of various products through independent contractors is a critical and integral part of Defendant Jumpp's former and Defendant Couch Goat's current courier and logistics business and admit that Plaintiff and putative Collective Members independently, at their own discretion, accepted delivery "dispatche[s]" through Defendants' use of a third-party software program to pick-up and deliver various products, including Tiff's Treats' cookie deliveries. Defendants deny that either Defendant directly controls and monitors Plaintiff or putative

Collective Members throughout their day-to-day activities as independent contractor couriers and deny that they use their judgment and discretion in deciding which order to give each independent contractor courier and subsequently, decides the amount of compensation that each individual independent contractor courier will earn.

41. Defendants admit Paragraph 41 of the Complaint.

42. With regard to the allegations contained in Paragraph 42 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that all putative Collective Members were compensated for courier services in September of 2020 or issued a 2020 1099 tax form. Defendants deny that Defendant Couch Goat maintains an office in Denton, Texas but otherwise admit the remaining allegations in Paragraph 42 of the Complaint.

43. With regard to the allegations contained in Paragraph 43 of the Complaint, Defendants admit that Plaintiff and putative Collective Members accepted "dispatche[s]" through Defendants' use of a third-party software program to pick-up and deliver Tiff's Treats' orders from various Tiff's Treats locations, including "out-of-zone" deliveries. Defendants otherwise deny the allegations contained in Paragraph 43 of the Complaint.

44. Upon information and belief, Defendants admit Paragraph 44 of the Complaint.

45. With regard to the allegations contained in Paragraph 45 of the Complaint, Defendants admit that independent contractor courier deliveries once accepted and undertaken are generally tracked through Defendants' use of a third-party software program and admit that independent contractor couriers are requested to follow certain policies/procedures. Defendants otherwise deny or lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 of the Complaint.

46. With regard to the allegations contained in Paragraph 46 of the Complaint, Defendants admit that on one or more occasions if Plaintiff or a putative Collective Member were sent on a delivery without the complete order, Defendants would request the assigned independent contractor courier to turn around and retrieve the rest of the order. Defendants further admit that Plaintiff and putative Collective Members were requested to wear blue/black polo shirts with Defendants' logo, or to wear a plain blue or black polo shirt with black or khaki shorts or pants and were also instructed not to smoke when products were in their vehicle. Defendants deny that dispatchers and other agents directly provided instructions to Plaintiff and putative Collective Members, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 46 of the Complaint.

47. With regard to the allegations contained in Paragraph 47 of the Complaint, Defendants admit that on one or more occasions when they received a customer complaint, Defendants would send out a message to all active independent contractor couriers regarding such issue. Defendants further admit that if independent contractor couriers (including, Plaintiff and putative Collective Members) experienced any issues while completing a delivery for Defendants, Defendant Jumpp provided a Support Hotline to assist them. Defendants specifically deny that they sent out text messages to all independent contractor couriers every time they received a customer complaint, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47 of the Complaint.

48. With regard to the allegations contained in Paragraph 48 of the Complaint, Defendants admit that independent contract couriers used their personal vehicles to make selected deliveries, including deliveries of Tiff's Treats products. Upon information and belief, Defendants deny that the work of Plaintiff and putative Collective Members primarily consisted of the

activities stated – to the contrary, many of the independent contractors worked for other delivery companies while providing independent contractor services to Defendants, but otherwise lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53. Upon information and belief, Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. With regard to the allegations contained in Paragraph 54 of the Complaint, Defendants admit that Plaintiff and putative Collective Members independently contracted to work as independent contractor couriers during the three-year period preceding the filing of this lawsuit. Defendants otherwise deny the allegations contained in Paragraph 54 of the Complaint.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

## VII. COLLECTIVE ACTION ALLEGATIONS

57. Defendants admit that Paragraph 57 of the Complaint incorporates by reference the allegations set forth previously in the Complaint and Defendants reassert their respective admissions and denials to such allegations as set forth previously herein.

58. With regard to the allegations contained in Paragraph 58 of the Complaint, Defendants admit that Plaintiff purports to bring this action as a collective action pursuant to the FLSA and that Plaintiff's proposed collective is as stated. Defendants otherwise deny the

allegations contained in Paragraph 58 of the Complaint and deny that all putative Collective Members are "similarly situated".

59. With regard to the allegations contained in Paragraph 59 of the Complaint, Defendants admit that 29 U.S.C. § 216(b) provides that an FLSA action may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated" and admit that the statute requires that a plaintiff "consent in writing" affirmatively opting into the action. Defendants otherwise deny the allegations contained in Paragraph 59 of the Complaint.

60. With regard to the allegations contained in Paragraph 60 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to Plaintiff's purported personal knowledge or state of mind, but otherwise deny the allegations stated in Paragraph 60 of the Complaint and specifically deny that independent contractor couriers were misclassified or that Defendants' policies and practices are illegal.

61. With regard to the allegations contained in Paragraph 61 of the Complaint, Defendants admit that Plaintiff and putative Collective Members were classified as independent contractors and paid on a per delivery basis. Defendants further admit that Plaintiff and putative Collective Members were contracted to perform similar services. Defendants otherwise deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

## VIII. CAUSE OF ACTION NO. 1: FAILURE TO PAY OVERTIME WAGES PURSUANT TO THE FAIR LABOR STANDARDS ACT

65. Defendants admit that Paragraph 65 of the Complaint incorporates by reference the allegations set forth previously in the Complaint and Defendants reassert their respective admissions and denials to such allegations as set forth previously herein.

66. Defendants deny the allegations contained in Paragraph 66 of the Complaint.

67. Defendants admit that Plaintiff and putative Collective Members were engaged in commerce as provided by the FLSA but otherwise deny the allegations contained in Paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of the Complaint.

71. With regard to the allegations contained in Paragraph 71 of the Complaint, Defendants admit that Plaintiff purports to bring this action as a collective action pursuant to the FLSA. Defendants otherwise deny the allegations contained in Paragraph 71 of the Complaint and deny that all putative Collective Members are "similarly situated" to Plaintiff.

## IX. JURY DEMAND

72. Defendants admit that Plaintiff requests trial by jury in Paragraph 72 of the Complaint and Defendants, pursuant to their entitlement to the same and as provided by Federal Rule of Civil Procedure 38 also request trial by a jury but reserves their right to specify the issues for submission to a jury.

## X. DAMAGES SOUGHT

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

## XI. PRAYER

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint and deny that Plaintiff and putative class members are entitled to the relief sought.

## B. DEFENDANTS' AFFIRMATIVE DEFENSES

78. Pursuant to Rule 8(c) of the Federal Rule of Civil Procedure, and without waiving the foregoing denials, Defendants answer further asserting the following affirmative defenses, if any be necessary.

79. Defendants invoke and assert all defenses, protections, and limitations available to them under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

80. Plaintiff and putative Collective Members' claims are barred, in whole or in part, by the applicable statute of limitations. *See* 29 U.S.C. § 255(a).

81. At all times relevant to this action, Defendants acted in good faith and had reasonable grounds for believing their actions were not in violation of the FLSA. *See* 29 U.S.C. § 260.

82. Defendants' violations of FLSA, if any, were not willful and Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA. *See* 29 U.S.C. § 255(a).

83. This action is barred in part or in whole because Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor. *See* 29 U.S.C. § 259.

84. Without assuming the burden of proof, Plaintiff and putative Collective Members are not similarly situated. The potential claims of putative Collective Members reflect variability. *See* 29 U.S.C. § 216(b).

85. This action is barred in part or in whole to the extent that Plaintiff and putative Collective Members seek recovery for time spent "walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform", time spent on "activities which are preliminary to or postliminary to said principal activity or activities", or time that is otherwise not compensable time under the FLSA, i.e., "hours worked" under the FLSA. *See* 29 U.S.C. §§ 203(o), 254.

86. This action is barred in part or in whole to the extent that Plaintiff and putative Collective Members seek recovery for non-compensable de minimis work time. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946).

87. This action is barred in part or in whole to the extent that Plaintiff and putative Collective Members seek recovery for non-compensable on-call time. *See Armour & Co. v. Wantock*, 323 U.S. 126 (1944); *see also* 29 CFR § 785.17.

88. Plaintiff's and putative Collective Members' claims are barred by the doctrines of waiver, estoppel and/or laches.

89. Plaintiff and putative Collective Members have failed to exhaust available administrative remedies.

90. To the extent that Plaintiff and putative Collective Members may seek punitive damages, Plaintiff and putative Collective Members' recovery is limited by the applicable provisions of the FLSA and the Texas and/or United States Constitutions. Any award of punitive damages to Plaintiff and putative Collective Members in this case would be in violation of the

FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Texas.

91. To the extent that some or all of putative Collective Members have entered into agreements to arbitrate the disputes made the subject of this action, Defendants seek full enforcement of said agreements and request the Court to stay this action, referring the disputes to arbitration. *See* 9 U.S.C. §§ 2, 3; *See also Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013, 1020 (5th Cir. 2015), cert. granted 137 S. Ct. 809 (2017).

92. All actions taken by Defendants with respect to Plaintiff were supported by legitimate and legal business reasons.

## C.
## DEFENDANTS' PRAYER

93. **WHEREFORE, PREMISES CONSIDERED**, Defendants pray that they have and recover from this Court:

(1) Dismissal of Plaintiff's Complaint in the above titled action with prejudice;

(2) Judgment against Plaintiff;

(3) An award of Defendants' reasonable attorneys' fees as permitted by law;

(4) An award of Defendants' costs; and

(5) All other and further relief to which Defendants may be entitled.

Dated: December 1, 2021.

>Respectfully submitted,
>
>*/s/ T. Wade Jefferies*
>T. Wade Jefferies\*, Texas Bar No. 00790962
>E-Service: twadejefferies@twj-law.com
>***\*Lead Counsel***
>
>**THE LAW FIRM OF T. WADE JEFFERIES**
>100 Congress Avenue, Ste. 2000
>Austin, Texas 78701
>Tel: (512) 201-2727
>Fax: (512) 469-3711
>
>*/s/ Randal L. Dean*
>Randal L. Dean, Texas Bar No. 00789249
>E-Service: rdean@brownpruitt.com
>Kyle Voss, Texas Bar No. 24093310
>E-Service: kvoss@brownpruitt.com
>
>**BROWN PRUITT WAMBSGANSS DEAN FORMAN & MOORE, P.C.**
>201 Main Street, Ste. 801
>Fort Worth, TX 76102
>Tel: (817) 338-4888
>Fax: (817) 338-0700
>
>**ATTORNEYS FOR DEFENDANTS**
>**JUMPP LOGISTICS, LLC AND**
>**COUCH GOAT QUANDARY, LLC**

**Certificate of Service**

The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document has been served on all other counsel of record in this cause via the court's CM/ECF filing System on this the 1st day of December 2021.

>*/s/ T. Wade Jefferies*
>T. Wade Jefferies/Randal L. Dean