IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Kevin Cervenka, individually and on behalf of all others similarly situated,** *Plaintiff,* v. **Jumpp Logistics, LLC and Couch Goat Quandary, LLC,** *Defendants.* | No. 4:21-cv-00813-SDJ <br><br> **JOINT REPORT AND PROPOSED SCHEDULING ORDER** |

**JOINT REPORT AND PROPOSED SCHEDULING ORDER**

Pursuant to the Court's Order on December 6, 2021, [Doc. 08], Kevin Cervenka ("Plaintiff"), individually and on behalf of all others similarly situated under 29 U.S.C. § 216(b), and Jumpp Logistics, LLC ("Jumpp") and Couch Goat Quandary, LLC ("Couch Goat") (collectively, "Defendants") file this *Joint Report and Proposed Scheduling Order*.

### I. REQUEST FOR TWO PHASES

Because Plaintiff will seek to send notice of this case to the putative Collective Members pursuant to the FLSA, the parties request the Court to allow the case to proceed in two (2) phases and allow the parties to submit a second joint report and proposed scheduling order after the issue of notice is resolved. Without more fully knowing the size of any potential putative class, it is very difficult to anticipate the amount of time necessary to complete discovery and prepare this case for trial. Therefore, the parties respectfully request the Court to allow the case to proceed in two (2) phases as follows:

1

1. **PHASE ONE**

Phase One would be limited to the issue of sending notice to the putative class and determining the size of the putative class. If the parties' request for phases is granted by the Court, within ninety (90) days from the Court's Order the parties would conduct limited discovery regarding the size of and individuals included in the putative class. Then, on or before the expiration of ninety (90) days from the Court's Order, Plaintiff would file a motion asking this Court to authorize counsel for Plaintiff to transmit notice to the putative class of their right to sign a consent to join this action. Defendants would then have an opportunity to respond to said motion and to therein seek appropriate guidelines, directives, and limitations concerning the notice and putative collective.

2. **PHASE TWO**

If the Court allows counsel for Plaintiff to transmit notice to the putative class, Phase Two would begin on the date the Court sets for the close of the opt-in period. If the Court denies Plaintiff's request to transmit notice to the putative class, Phase Two would begin on the date the Court issues its denial. Allowing the parties to conduct a second scheduling conference after the issue of notice is resolved and the size of the putative class is known, will allow the parties to be in a better position to confer and report back to the Court with more specific knowledge as to the scheduling and discovery needs of this action.

Therefore, the parties request the Court's scheduling order issued as a result of this report: (1) direct the Parties to confer no later than thirty (30) days after Phase Two begins, and (2) direct the parties to file a second report, no later than thirty (30) days after Phase Two begins, to further

address any proposals or limitations under Federal Rule of Civil Procedure 26(f), including requested deadlines and the anticipated time needed to prepare this case for trial.

## II. REQUIRED CONTENT

1. **Brief Factual and Legal Synopsis.**

On October 12, 2021, Plaintiff Cervenka filed this collective action on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b) against Defendant Jumpp and Defendant Couch Goat (collectively, "Defendants") to recover alleged unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA"). Plaintiff Cervenka and the putative collective members ("Collective Members") are all individuals who allegedly are or were employed by Defendants as couriers in Texas, Defendants disputing said persons status as employees. Plaintiff contends that Plaintiff and the Collective Members were all misclassified by Defendants as independent contractors, instead of non-exempt employees, and were not paid overtime compensation for hours worked over forty (40) within a single workweek.

Section 207 of the FLSA generally requires that an employer compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked in a single workweek in excess of forty (40) hours. *See* 29 U.S.C. § 207(a). The FLSA allows employers to use a piece-rate compensation structure to pay their employees under certain circumstances. *See* 29 U.S.C. § 207(g). In using a piece-rate compensation system, the FLSA regulations generally outline two different methods in which overtime compensation can be properly calculated: (1) "the pieceworker [or the employee] is entitled to be paid, in addition to the total weekly earnings at this regular rate for all hours worked, a sum equivalent to one-half this regular rate of pay multiplied by

the number of hours worked in excess of 40 in the week;"[1] or (2) the employee "may agree with his employer in advance of the performance of the work that he shall be paid at a rate not less than one and one-half times this piece rate for each piece produced during the overtime hours."[2] *See McCann v. Superior Home Health of San Antonio*, 2017 U.S. Dist. LEXIS 227814, *6 (W.D. Tex. 2017) (*citing* 29 C.F.R. §§ 778.111, 778.418).

Here, Plaintiff contends that Defendants' piece-rate compensation policy did not comply with either method outlined in the FLSA regulations. *See* 29 C.F.R. §§ 778.111, 778.418. Instead, it is Plaintiff's contention that Plaintiff and the Collective Members were not paid any premium rate for hours worked over forty (40) in a single workweek, and they were not paid (and there was no agreement to be paid) a premium rate for each delivery made after working forty (40) hours in a single workweek.

Moreover, Plaintiff contends that Defendants misclassified Plaintiff and the Collective Members as independent contractors instead of non-exempt employees. To determine whether an individual is an employee, courts sometimes look at the *Silk*[3] factors, also known as the "economics reality test"—a non-exhaustive five-factor test including, "(1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the

---

[1] For example, under the first method "if the employee has worked 50 hours and has earned $ 491.00 at piece rates for 46 hours of productive work and in addition has been compensated at $ 8.00 an hour for 4 hours of waiting time, the total compensation, $ 523.00, must be divided by the total hours of work, 50, to arrive at the regular hourly rate of pay—$ 10.46. For the 10 hours of overtime the employee is entitled to additional compensation of $ 52.30 (10 hours at $ 5.23). For the week's work the employee is thus entitled to a total of $ 575.30 (which is equivalent to 40 hours at $ 10.46 plus 10 overtime hours at $ 15.69)." 29 C.F.R. § 778.111(a).

[2] Under the second method, no additional overtime is owed if all general conditions outlined in § 778.417 are met. *See* 29 C.F.R. § 778.418.

[3] See generally, *United States v. Silk*, 331 U.S. 704 (1947).

alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship." *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (citing *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008) (citing *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998))).

Here, it is Plaintiff's contention that the *Silk* factors are not satisfied and therefore Plaintiff and the Collective Members were improperly classified as independent contractors because, per Plaintiff's contentions, Plaintiff and the Collective Members (1) were (and are) under the complete direction of Defendants throughout their alleged employment as couriers; (2) Defendants investment or risk capital is much greater than that of Plaintiff and Collective Members; (3) Plaintiff and Collective Members did not have the ability to make decisions that would affect their profit or loss; (4) Plaintiff and the Collective Members status as couriers only required routine, common work which was shared amongst all couriers; and (5) Plaintiff and the Collective Members were not employed by Defendants on a "project-by-project bases."

Defendants dispute Plaintiff's foregoing characterizations and alternatively contend that Plaintiff and the putative Collective Members: (1) were (and to the extent applicable are) not under the control of Defendants during the time contracted as couriers, (2) made significant personal investments and undertook significant risks in assuming their contracted courier duties, including in relation to the maintenance and operation of their personal automobiles and the management of their schedule and activities, (3) had the unilateral ability to make decisions that would effectuate their respective profits and losses as contracted couriers, (4) exercised skill and initiative in performing the contracted assignments, and (5) were only temporarily engaged at their own sole discretion on a project-by-project basis, no permanency of relationship existing.

It is Plaintiff's contention that due to Defendants' improper classification of Plaintiff and the Collective Members as independent contractors and Defendants' failure to pay Plaintiff and Collective Members a premium rate in accordance with the FLSA, Plaintiff and the Collective Members are owed the difference between their piece-rate compensation and properly calculated piece-rate overtime for all hours worked over forty (40) in a single workweek pursuant to 29 C.F.R. § 778.111(a), liquidated damages, attorneys' fees, costs, and all other damages provided for under § 216(b) of the FLSA. Defendants, in turn, contend that Plaintiff and the Collective Members are independent contractors rather than non-exempt employees and that they have not violated the FLSA.

2. **Jurisdictional Basis.**

This Court has subject-matter jurisdiction over this matter because the claims asserted arise under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331. Moreover, this Court has personal jurisdiction over Defendants because Defendants are each doing business in Texas. Furthermore, Defendants each employ Texas residents (the status of Plaintiff and putative Collective Members as employees versus independent contractors being disputed). Finally, venue is proper in the Eastern District of Texas under 28 U.S.C. § 1391 because at least one Defendant is deemed to reside in the Eastern District of Texas, Sherman Division.

3. **Names of the Parties.**

   a. **Plaintiffs**

   At this time, Plaintiff Kevin Cervenka is the only plaintiff in this lawsuit. However, as mentioned above, Plaintiff intends to file a motion asking the Court to allow

Plaintiff's counsel to transmit notice to the putative class and asking the Court to set a deadline for opt-in plaintiffs to join this lawsuit.

   b. **Defendants**

   Defendants are correctly identified in this lawsuit as Jumpp Logistics, LLC, and Couch Goat Quandary, LLC.

4. **Related Cases.**

At this time, there are not any related cases pending in any state or federal court.

5. **Initial Disclosures.**

As previously filed with this Court, the parties have jointly stipulated to allow thirty (30) days from the date of the Rule 26(f) conference to serve their Initial Disclosures under Rule 26(a)(1). Therefore, if granted, the parties will make their Initial Disclosures on or before **January 21, 2022**.

Additionally, Plaintiff requests the Court to modify Rule 26(a)'s damages calculation requirement as follows: Plaintiff shall not be required to disclose the computation of all damages with his initial disclosures. Rather, Plaintiff will disclose the method of calculation of damages with his Initial Disclosures and within thirty (30) days[4] after Defendants' produce documents in response to Plaintiff's second-phase requests for production, will disclose his computation and calculation of damages. Defendants do not object to this request as stated.

---

[4] The reasonableness of the time it takes Plaintiffs to calculate their damages will depend in large part on the type of information Defendants maintained and the format in which Defendants produce the information. (e.g. .xls files versus .PDF files; if in PDF format, Plaintiff will need additional time to manually enter the information into an .xls file in order to calculate damages.)

7

6. **Deadlines.**

In the event the Court does not allow this case to proceed in two phases, as requested above under Section I, or grant Plaintiff's Motion to Continue the Rule 16 Management Conference, the parties ask the court to enter the following deadlines:

| | |
|---|---|
| **February 9, 2022** (1 week after mgmt. conf.) | **Deadline for motions to transfer.** |
| **March 16, 2022** (6 weeks after mgmt. conf.) | **Deadline to add parties.** |
| **April 13, 2022** (10 weeks after mgmt. conf.) | **Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party bears the burden of proof.** |
| **April 27, 2022** (12 weeks after mgmt. conf.) | **Deadline for Plaintiff to file amended pleading. (A motion for leave to amend is required.)** |
| **May 11, 2022** (14 weeks after mgmt. conf.) | **Disclosure of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) and Local Rule CV-26(b) on issues for which the party does not bear the burden of proof.** |
| **May 11, 2022** (14 weeks after mgmt. conf.) | **Deadline for Defendant's final amended pleadings. (A motion for leave to amend is required.)** |
| **May 25, 2022** (16 weeks after mgmt. conf.) | **Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony bears the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection.** |

| | |
|---|---|
| **June 8, 2022**<br>(18 weeks after mgmt. conf.) | **Deadline to object to expert testimony on issues for which the party seeking to introduce that testimony does not bear the burden of proof. Objection shall be made as a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the Court with all the information necessary to make a ruling on any objection.** |
| **July 6, 2022**<br>(22 weeks after mgmt. conf.) | **Deadline by which the parties shall notify the Court name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one.** |
| **July 20, 2022**<br>(24 weeks after mgmt. conf.) | **All discovery shall be commenced in time to be completed by this date.** |
| **August 10, 2022**<br>(27 weeks after mgmt. conf.) but no later than 110 days prior to deadline for submission of Joint Final Pretrial Order | **Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions.** |
| **August 17, 2022**<br>(28 weeks after mgmt. conf.) | **Mediation must occur by this date.** |
| **December 7, 2022**<br>(6 weeks before final pretrial conf.) | **Notice of intent to offer certified records.** |
| **December 7, 2022**<br>(6 weeks before final pretrial conf.) | **Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases).** |

| | |
|---|---|
| **December 14, 2022**<br>(5 weeks before final pretrial conf.) | **Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a disclosure identifying the line and page umbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the Court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections.** |
| **December 19, 2022**<br>(30 days before final pretrial conf.) | **Motions in limine due.** |
| **January 4, 2023**<br>(2 weeks before final pretrial conf.) | **Response to motions in limine due**<br><br>**File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order (this does not extend deadline to object to expert witnesses).**<br><br>**File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law)**<br><br>**File Proposed Voir Dire Questions** |
| Date will be set by Court. Usually within 10 days prior to final pretrial conf. | **If numerous objections are filed, the Court may set a hearing to consider all pending motions and objections.** |
| **January 18, 2023** | **Final Pretrial Conference at 9:00 a.m. at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. Parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the court's docket.** |

| To be determined | 10:00 a.m. jury selection and trial (or bench trial) at the United States Courthouse located at 7940 Preston Road, Plano, Texas 75024. Cases that remain for trial following the Court's Pretrial docket will be tried between February 1, 2023, and February 28, 2023. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |
|---|---|

**7.    Discovery Descriptions.**

a. **Subjects of Discovery.** Discovery will be necessary regarding both liability and damages. Counsel agree to cooperate in conducting discovery as expeditiously as possible. In the event the Court does not allow this case to proceed in two phases, as requested above under Section I, Counsel propose that all discovery will be completed by July 20, 2022.

b. **Electronically Stored Information ("ESI").** The parties agree to accept service of all documents, including discovery, in this matter via electronic mail. The parties also agree to produce all documents, including discovery, in electronic format.

   i. **Use of Search Terms.** The parties agree to meet and confer about the methods they will use to search electronically stored information ("ESI") and appropriate search terms to identify information that is subject to production, and filter out ESI that is not subject to discovery. The parties will cooperate in the development of appropriate search methodology and criteria, including the potential use of computer-assisted search methodologies and other analytics-based search and filtering tools. The parties further agree that the parties will cooperate to ensure that any

11

potentially relevant ESI in their custody or control or in the custody or control of any third-party vendors will be preserved and delivered (if ultimately responsive to any discovery requests) in the proper format and manner, as described below.

ii. **Form of Production.** All documents to be produced will be converted to a paginated version as a PDF and/or TIFF images ("Paginated Document").

iii. **Native Files.** The parties will produce native files (e.g. .xls or .cvs) corresponding with the documents produced when requested and reasonably available, including spreadsheets (e.g. .xls or .cvs file types) that may be exported from the parties or their counsel's computer systems or software.

iv. **Bates Numbering.**  All produced Paginated Documents will include a legible, unique page identifier ("Bates Number") electronically embossed onto each page at a location that is reasonably intended to not obliterate, conceal, or interfere with any information from the Paginated Document. No other legend or stamp will be placed on the Paginate Document other than a confidentiality legend (where applicable), redactions (consistent with any other protective orders or applicable law), any applicable protective orders, and if desired by a party, a document control number separate from the Bates Number.

v. **File Naming Conventions.** Each produced Paginated Document file will be named with the beginning Bates Number.  In the event the Bates Number

      contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.

    **vi. Delivery.** ESI shall be stored on Universal Serial Bus (USB) flash (non-volatile computer storage) mass media storage drives or some other mutually agreeable storage medium, and delivered by a mutually agreeable means (e.g., U.S. Mail, courier, FedEx, UPS, etc.). ESI may also be produced electronically in the event that such delivery is practical and more efficient.

  **c. Privilege and Preservation.** At this time, counsel do not foresee any issues related to claims of privilege or protection regarding trial-preparation material, but will first work together in an attempt to resolve any such issues without need for Court involvement.

  **d. Changes to Discovery.** The parties respectfully request the Court allow this case to proceed in phases as set forth above in Section I.

  **e. Other Orders.** The parties request that the Court enter an Order regarding the parties' joint stipulation to extend the deadline to serve Initial Disclosures and Plaintiff's Motion to Continue the Rule 16 Management Conference.

**8. Settlement.**

The parties anticipate attending an early mediation no later than June 1, 2022. The parties have further agreed on a mediator, Eric Galton, 3825 Lake Austin Blvd., Suite 403, Austin, Texas 78703, 512-477-9302.

9. **Identity of Persons to be Deposed.**

Plaintiff intends to take a Rule 30(b)(6) corporate representative deposition for each Defendant Jumpp and Defendant Couch Goat.

Defendants intend to depose Plaintiff and all or a portion of the putative Collective Members.

Further deponents may be identified through the parties' review and analysis of information provided in discovery. The parties may also depose any individual disclosed or relied upon by any other party as having personal knowledge regarding facts relevant to any claim or defense, and they expect to depose any expert designated by any other party.

10. **Trial.**

The parties anticipate that trial will take approximately 3-5 days depending on the number of plaintiffs who join this action and whether the case proceeds as a collective action. Plaintiff and Defendants have made a timely jury demand.

11. **Attorneys who will Appear at Management Conference.**

On behalf of Plaintiff, Drew N. Herrmann will appear at the management conference.

On behalf of Defendants, T. Wade Jefferies and potentially Randal L. Dean and/or Kyle Voss will appear at the management conference.

12. **Consent to Magistrate Judge.**

The parties do not consent to a magistrate judge for trial.

13. **Other Miscellaneous Matters.**

Except as otherwise stated in this *Joint Report and Proposed Scheduling Order*, the parties have no further matters to bring to the Court's attention at this time.

Respectfully submitted,

By: */s/ Drew. N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Megan M. Weiershausen
Texas Bar No. 24126454
megan@herrmannlaw.com

**HERRMANN LAW, PLLC**
801 Cherry St., Suite 2365
Fort Worth, TX 76102
Phone: 817-479-9229
Fax: 817-840-5102

**ATTORNEYS FOR PLAINTIFF AND COLLECTIVE MEMBERS**

By: */s/ T. Wade Jefferies (with permission)*
T. Wade Jefferies*
Texas Bar No. 00790962
twadejefferies@twj-law.com
***Lead Counsel**

**THE LAW FIRM OF T. WADE JEFFERIES**
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Phone: 512-201-2727
Fax: 512-469-3711

-and-

Randal L. Dean
Texas Bar No. 00789249
rdean@brownpruitt.com
Kyle Voss
Texas Bar No. 24093310
kvoss@brownpruitt.com

**BROWN PRUITT WAMBSGANSS DEAN FORMAN & MOORE, P.C.**
201 Main Street, Suite 801
Fort Worth, Texas 76102
Phone: 817-338-4888
Fax: 817-338-0700

**ATTORNEYS FOR DEFENDANTS JUMPP LOGISTICS, LLC AND COUCH GOAT QUANDARY, LLC**

CERTIFICATE OF SERVICE

I certify that on January 14, 2022, a true and correct copy of the above document will be served via the Court's *CM/ECF* system.

*/s/ Drew N. Herrmann*
Drew N. Herrmann

15