UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN CERVENKA, Individually and on behalf of all others similarly situated | § § § § | |
| v. | § § | CIVIL NO. 4:21-CV-813-SDJ |
| JUMP LOGISTICS, LLC, ET AL. | § § | |

## PRELIMINARY SCHEDULING ORDER

The Court, after reviewing the joint report of attorney conference required by Federal Rule of Civil Procedure 26(f), enters this Preliminary Scheduling Order, which will control the disposition of this action pending further order of the Court. The following actions shall be completed by the dates indicated.[1]

### DEADLINES

| | |
|---|---|
| 5/12/2022 | Deadline for Plaintiff to file motion under 29 U.S.C. § 216(b) for determination of whether putative members of the Fair Labor Standards Act ("FLSA") collective are similarly situated to Plaintiff and for authorization to send notice of this action to such persons. |
| 6/2/2022 | Deadline for Defendants to file their response(s) to Plaintiff's motion under 29 U.S.C. § 216(b). |
| 6/16/2022 | Deadline for Plaintiff to file any reply in support of his motion under 29 U.S.C. § 216(b). |

After the issues of whether the putative members of the FLSA collective are similarly situated to Plaintiff and whether notice is authorized have been resolved, the Court will enter a more comprehensive Scheduling Order, setting deadlines for expert reports, dispositive motions, and trial.

The Court will, as the Fifth Circuit has instructed regarding putative collective actions brought under the FLSA, "rigorously scrutinize the realm of 'similarly

---

[1] If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

1

situated' workers . . . from the outset of the case," as "[o]nly then can the district court determine whether the requested opt-in notice will go to those who are actually similar to the named plaintiff[]." *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021). The Court further notes that it is "improper to ignore evidence" of potentially dispositive threshold matters where such issues are "intertwined with [] merits question[s]," as "addressing these issues from the outset aids the district court in deciding whether notice is necessary." *Id.* at 441–42.

## SCOPE OF DISCOVERY

<u>Modification</u>. Pending the Court's decision concerning Plaintiff's anticipated motion under 29 U.S.C. § 216(b), discovery in this case shall be limited to issues directly relevant to the Section 216(b) motion, such as the number of proposed collective group members, their job descriptions and procedures, and wage and hour policies and training provided. Broad discovery into the merits of the claims at issue, rather than focused exclusively on issues related to the Court's resolution of Plaintiff's anticipated Section 216(b) motion, is premature and improper at this time.

<u>Electronic Discovery</u>. Electronically stored information will be produced in a paginated version as a PDF and/or TIFF images, unless the parties agree otherwise.

## DISCOVERY DISPUTES

In the event the parties encounter a discovery dispute, no motions to compel may be filed until after the parties fulfill the "meet and confer" requirement imposed by this Court's Local Rule CV-7(h). If the parties are unable to resolve the dispute without court intervention, the parties must then call the Court's chambers to schedule a telephone conference regarding the subject matter of the dispute prior to filing any motion to compel. After reviewing the dispute, the Court will resolve the dispute, order the parties to file an appropriate motion, or direct the parties to call the discovery hotline.

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of the rules. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

## RESOURCES

The Eastern District of Texas website (http://www.txed.uscourts.gov) contains information about **electronic filing, which is mandatory,** Local Rules, telephone numbers, general orders, frequently requested cases, the Eastern District fee schedule, and other information. The electronic filing HelpLine is 1-866-251-7534.

## COMPLIANCE

  A party is not excused from the requirements of this scheduling order because dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure or because another party has failed to comply with this order or the rules.

  Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the Court, or both. If a fellow member of the Bar makes a just request for cooperation or seeks scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent. However, the Court is not bound to accept agreements of counsel to extend deadlines imposed by rule or court order. *See* Local Rule AT-3(j).

## OTHER MATTERS

1. Please note the amendments to the Local Rules regarding motion practice. If a document filed electronically exceeds ten pages in length, including attachments, a paper copy of the filed document must be sent contemporaneously to the undersigned's chambers in Plano. *See* Local Rule CV-5(a)(9). Courtesy copies over twenty pages long should be bound to the left, and voluminous exhibits should be separated by dividers.

2. Any reply or sur-reply must be filed in accordance with Local Rule CV-6 and Local Rule CV-7(f). The parties are reminded that "[t]he court need **not** wait for the reply or sur-reply before ruling on the motion." Local Rule CV-7(f) (emphasis added).

  **So ORDERED and SIGNED this 11th day of February, 2022.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE
