IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Kevin Cervenka, individually and on behalf of all others similarly situated,** <br><br> *Plaintiff,* <br><br> v. <br><br> **Jumpp Logistics, LLC and Couch Goat Quandary, LLC,** <br><br> *Defendants.* | No. 4:21-cv-00813-SDJ <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' OPPOSED MOTION TO TOLL THE STATUTE OF LIMITATIONS FOR PUTATIVE COLLECTIVE MEMBERS** |

TO THE HONORABLE COURT:

NOW COME Defendants Jumpp Logistics, LLC and Couch Goat Quandary, LLC (collectively the "Defendants") and file this their Defendants' Response ("Response") to Plaintiffs' Opposed Motion to Toll the Statute of Limitations for Putative Collective Members [Dkt. #38] (the "Motion"), and would respectfully show the Court as follows:

I.   BACKGROUND

This case involves a proposed collective action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and was initially filed by Plaintiff Kevin Cervenka ("Plaintiff"), individually and on behalf of all others similarly situated, asserting entitlement to recovery of unpaid overtime compensation from Defendants. *See* Pl.'s Compl. [Dkt. #1] ¶ 1. Notably, since Plaintiff commenced this action, three other party-plaintiffs (together with Plaintiff, the "Plaintiffs") have "opt[ed]-in" to the

1

lawsuit: (1) Paula Miller, (2) Luman Saunders, and (3) Sara Ben-Shalom[1]. *See* Pls.' Not. of Filing Opt-In Consent Form(s) [Dkt. #25, #37].

On June 2, 2022[2], Plaintiff filed his Motion for Court-Authorized Notice ("Motion to Certify") requesting that the Court certify a collective of potential opt-in plaintiffs and requesting that the Court authorize notice to the putative collective. *See* Pl.'s Mot. for Ct. Auth. Not. [Dkt. #30], 2.

On June 16, 2022, Defendants filed their Response [Dkt. #31] to Plaintiff's Motion to Certify [Dkt. #30] contending primarily that certification of a putative collective in this case is not appropriate because the putative collective is not "similarly situated" with Plaintiff. *See* Defs.' Resp. to Pl.'s Mot. for Ct. Auth. Not. [Dkt. #31], 1-2. On July 20, 2022, upon the parties' joint application, the Court entered an Order [Dkt. #36] permitting Plaintiff additional time (until August 4, 2022) to reply to Defendants' Response to Plaintiff's Motion to Certify [Dkt. #31]. *See* Order [Dkt. #36]. However, despite this extension of time, Plaintiff never filed any reply to Defendants' Response to Plaintiff's Motion to Certify [Dkt. #31].

On May 22, 2025, nearly three years after Plaintiff's Motion to Certify, Plaintiffs moved the Court for the first time to equitably toll the statute of limitations for putative collective members. *See* Pls.' Mot. [Dkt. #38]. Defendants oppose said

---

[1] It is further noteworthy that Sara Ben-Shalom "opt[ed]-in" to the lawsuit on September 8, 2022, approximately three months <u>after</u> Plaintiff's Motion to Certify. *See* Pls.' Not. of Filing Opt-In Consent Form(s) [Dkt. #37].

[2] Plaintiff initially filed his Motion for Court-Authorized Notice on May 31, 2022 [Dkt. #29] but said motion lacked a certificate of conference; Plaintiff accordingly refiled the motion on June 2, 2022 including a certificate of conference. *See* Pl.'s Mot. for Ct. Auth. Not., 1 n. 1 [Dkt. #30].

**2**

Motion because Plaintiffs have failed to demonstrate that equitable tolling is warranted.

## II. ARGUMENTS AND AUTHORITIES

### A. Equitable Tolling is a Rare Remedy that is Sparingly Applied.

The FLSA imposes a two-year statute of limitations generally, and a three-year statute of limitations if a defendant's violation of the FLSA is willful. 29 U.S.C. § 255(a). In an FLSA collective action, the limitations period continues to run against each individual plaintiff until that plaintiff files a written opt-in consent. *See* 29 U.S.C. § 256(b); 29 C.F.R. § 790.21(b) (2) (II); *see also McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794 (S.D. Tex. 2010).

Equitable tolling is a judicially created doctrine that "extends statutory deadlines in extraordinary circumstances for parties who were prevented from complying with them through no fault or lack of diligence of their own." *Bah v. Enterprise Rent-A-Car Company of Boston, LLC*, 699 F. Supp. 3d 133, 137-38 (D. Mass. 2023) (citing *Neves v. Holder*, 613 F.3d 30, 36 (1st Cir. 2010)); *see also Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990). Equitable tolling is a "rare remedy that courts are to apply sparingly." *Bah*, 699 F. Supp. 3d at 137 (citing *Abraham v. Woods Hole Oceanographic Inst.*, 553 F.3d 114, 119 (1st Cir. 2009)); *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Generally, equitable tolling is reserved for situations "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

Notably, courts applying the doctrine must perform an individualized "fact-intensive inquiry". *See Holland v. Fla.*, 560 U.S. 631 (2010) (cleaned up). Accordingly, in applying the doctrine to FLSA collective actions, courts have sometimes mandated that opt-in plaintiffs be treated on an individual, case-by-case basis. *See Eltayeb v. Deli Mgmt., Inc.,* No. 4:20-CV-385, 2024 WL 989490 (E.D. Tex. Mar. 7, 2024) (holding: "For the FLSA statute of limitations to be equitably tolled, a potential opt-in plaintiff, rather than the named plaintiff, must have exercised reasonable diligence in pursuing his or her rights."). The doctrine of equitable tolling only applies "if a plaintiff exercising reasonable diligence could not have discovered information essential to the suit." *Abdallah v. Bain Cap. LLC*, 752 F.3d 114, 120 (1st Cir. 2014) (citations omitted).

**B.  Equitable Tolling Requires Diligence and Extraordinary Circumstances, both of which are Absent here.**

As elucidated by the Supreme Court, to be eligible for equitable tolling, a litigant must proffer and prove: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland*, 560 U.S. at 649); *see also Sandoz v. Cingular Wireless, L.L.C.*, 700 F. App'x 317, 320 (5th Cir. 2017) (discussing application of equitable tolling in the FLSA collective action context and refusing to apply equitable tolling to opt-in litigants since there was no indication that opt-in employees pursued their claims with due diligence and protracted litigation did not constitute an extraordinary circumstance).

4

In the Fifth Circuit, "courts applying *Sandoz* have refused to equitably toll the FLSA statute of limitations if plaintiffs failed to prove **both [1] that potential opt-in plaintiffs diligently pursued their rights <u>and</u> [2] that extraordinary circumstances—other than the period of time taken to rule on a motion—caused the limitations period to lapse**." *Coker v. Stonewater Roofing Co.*, No. 6:19-CV-00211, 2020 WL 1451654, at *2 (E.D. Tex. Mar. 25, 2020) (citing *English v. Tex. Farm Bureau Bus. Corp.*, No. 6:17-cv-00323-ADA, 2019 WL 5191832, at *3 (W.D. Tex. Oct. 15, 2019); *Straka v. Methodist Dallas Med. Ctr. Auxiliary*, No. 3:16-cv-2192-B, 2018 WL 1609691, at *1 (N.D. Tex. Apr. 3, 2018); *Rule v. S. Indus. Mech. Maint. Co., LLC*, No. 16-cv-1408, 2017 WL 4276936, at *2 (W.D. La. Aug. 22, 2017), report and recommendation adopted, No. 16-cv-1408, 2017 WL 4273115 (W.D. La. Sept. 25, 2017)) (emphasis added).

As the Fifth Circuit clarified, equitable tolling "focuses on whether an external obstacle 'prevented timely filing,' not on whether an external obstacle prevented timely filing *in a specific suit*." *Sandoz*, 700 F. App'x at 321 (emphasis in the original, citation omitted). As in *Sandoz*, "[n]othing prevented the Opt-In Plaintiffs from discovering their claims and initiating a suit." *Id*. Here, Plaintiffs' Motion points solely to the Court's delay in ruling on their Motion to Certify and on that basis improperly seeks *en masse* application of an individualized equitable doctrine without any further showing of diligence or extraordinary circumstances. *See* Pls.' Mot. [Dkt. #38]. Such an application is not appropriate and not supported.

### 1. Plaintiffs have not Demonstrated that Potential Opt-In Plaintiffs Diligently Pursued their Rights.

As clearly denoted by both the Supreme Court and the Fifth Circuit, a plaintiff seeking application of the doctrine of equitable tolling must first demonstrate that he has diligently pursued his rights. *See Holland*, 560 U.S. at 649. Here, as in *Sandoz*, Plaintiff offers "no detail… to establish the requisite individual due diligence" of putative opt-in plaintiffs and "no diligence" does not suffice to show "reasonable diligence". *Sandoz*, 700 F. App'x at 321. As in *Sandoz*, putative plaintiffs in this action have full access to settlement statements, payment records, and other information needed to evaluate and assert their individual claims, to the extent the same exist. *See id.* Further, a party seeking equitable tolling must show diligent pursuit of rights for the entire period he seeks tolled, not merely once he discovers the circumstances warranting tolling. *See Iavorski v. INS*, 232 F.3d 124, 134 (2d Cir. 2000).

Nothing in this case prevented a <u>*diligent*</u> plaintiff from discovering his or her potential claims and opting into the collective or bringing suit individually. In fact, as noted above, Paula Miller, Luman Saunders, and Sara Ben-Shalom did just that. *See* Pls.' Not. of Filing Opt-In Consent Form(s) [Dkt. #25, #37]; *see also Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 770 (N.D. Tex. 2013); *Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638, 655 (W.D. Tex. 2010) (rejecting equitable tolling, finding that potential opt-in plaintiffs were not "excusably unaware" of their claims).

Here, Plaintiffs have failed to demonstrate that potential opt-in plaintiffs were unaware of their rights, barred from asserting their rights, or diligently pursued their rights but were prevented from joining the action due to reasons beyond their control.

*See* Pls.' Mot. [Dkt. #38]; *see also Mejia v. Bros. Petroleum, LLC*, No. CIV.A. 12-2842, 2014 WL 3853580, at \*2 (E.D. La. Aug. 4, 2014).

Protracted litigation and opposition to certification do not constitute external obstacles that prevent a putative plaintiff from timely filing a claim. *See Robinson v. RWLS, L.L.C.*, 2017 WL 1535072, at \*1 (W.D. Tex. 2017) (citing *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011)); *see also Sandoz*, 700 Fed. Appx. at 321. Plaintiffs rely on the *Yahraes* case to suggest that a ruling delay on a certification motion "may be deemed an extraordinary circumstance". *See* Pls.' Mot. [Dkt. #38], 4 n.1 (citing *Yahraes v. Restaurant Associates Events Corp.*, 2011 WL 844963 (E.D.N.Y. 2011)). However, in *Yahraes*, the defendant wrongfully "induced Plaintiffs into reasonably believing that they could and should wait until they received notice of their eligibility before they inquired about and potentially pursued their legal FLSA rights." *Id.* at \*3 (quoting *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822 (S.D. Ohio, 2007)). Here, Plaintiffs have not alleged nor made any showing that Defendants deceived or induced putative opt-in plaintiffs into inaction.

Setting aside the inherent necessity of applying the doctrine of equitable tolling on an individual case-by-case basis to potential opt-in plaintiffs, the record demonstrates no diligence and a lack of action on the part of Plaintiffs. Namely, despite receiving an extension for the same, Plaintiffs never filed any reply to Defendants' Response to Plaintiff's Motion to Certify [Dkt. #31] (*See* Order [Dkt. #36]). Further, Plaintiffs did not take any action to prosecute their or the putative opt-in plaintiffs' claims between October 1, 2022 and May 19, 2025 and Plaintiffs

7

waited until nearly three years after filing their Motion to Certify to move to toll limitations. By any measure, this is not a demonstration of diligence.[3]

### 2. Plaintiffs have not Demonstrated that Potential Opt-In Plaintiffs were Prevented by Extraordinary Circumstances from Timely Filing their Claims.

As noted, equitable tolling requires that Plaintiff demonstrate that some extraordinary circumstance prevented timely filing of the relevant claims. *Sandoz*, 700 F. App'x at 320 (5th Cir. 2017). Here, Plaintiff proffers only that the Court's delay in ruling on his Motion to Certify is "extraordinary". *See* Pls.' Mot. [Dkt. #38], 2-3. However, in "the average case in which the delay is attributable to the normal litigation process… equitable tolling is not appropriate." *See Titchenell v. Apria Healthcare, Inc.*, 2012 WL 3731341, *7 (E.D. Pa. 2012) (citing to *Muhammad v. GBJ, Inc.*, 2001 WL 864785, *2 (S.D. Tex. 2011)).

In fact, courts have repeatedly held that judicial delay in deciding a motion to certify a collective is not an extraordinary circumstance justifying equitable tolling. *See e.g., Floyd v. Stryker Corp.*, No. 3:22-CV-1131-B, 2024 WL 24341 (N.D. Tex. Jan. 2, 2024), *see also Roberts v. Baptist Healthcare Sys., LLC*, No. 1:20-CV-00092-MAC, 2022 WL 4493733 (E.D. Tex. Sept. 20, 2022), report and recommendation adopted, No. 1:20-CV-92, 2022 WL 4491070 (E.D. Tex. Sept. 26, 2022) ("the time the court spent deciding the motion is not 'extraordinary' enough for equitable tolling."). "[I]nevitable court delays are part of routine litigation which, by definition, do not equate with extraordinary circumstances." *Robinson v. RWLS, LLC*, No. SA-16-CA-

---

[3] Note that Defendants first raised the issue of limitations on December 1, 2021. *See* Defs'. Answer and Affirmative Defenses, ¶ 79 [Dkt. #6].

8

00201-OLG, 2017 WL 1535072 (W.D. Tex. Mar. 14, 2017). "Congress did not provide for tolling while a court considers whether to certify a case as a collective action." *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 808-09 (S.D. Tex. 2010). Motions and the time associated therewith are "an ordinary incident of litigation, not an extraordinary circumstance." *See Meine v. TCHDallas2, LLC*, No. 3:23-CV-00968-K, 2024 WL 3345836 (N.D. Tex. July 9, 2024) (citing *English v. Tex. Farm Bureau Bus. Corp.*, 2019 WL 5191832, at *3 (W.D. Tex. Oct. 15, 2019)).

On this issue, Plaintiffs cites to non-binding and inapplicable district court rulings, ignoring recent Fifth Circuit precedent and failing to acknowledge that federal courts in Texas have explicitly and repeatedly ruled "delays in certifying a class do not present extraordinary circumstances justifying equitable tolling." *Compare* Pls.' Mot. [Dkt. #38] *with Roberts*, 2022 WL 4493733 at *3. While protracted litigation can constitute an extraordinary circumstance, that is only warranted when a defendant "induced or tricked a plaintiff into allowing a filing deadline to pass." *See Robinson*, 2017 WL 1535072 at *2 (citation omitted). Plaintiffs have not shown that Defendants induced or deceived potential plaintiffs to avoid asserting their claims.

### III.   CONCLUSION

Simply put, potential opt-in plaintiffs in this case have made no showing that they "diligently pursued their rights" or that the circumstances presented here are "extraordinary". *See* Pls.' Mot. [Dkt. #38]; *see also Coker*, 2020 WL 1451654 at *2. Accordingly, application of the rare remedy of equitable tolling is improper and unwarranted in this case. For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion.

9

Dated: May 30, 2025.

        Respectfully submitted,

        */s/ T. Wade Jefferies\**
        T. Wade Jefferies*, Texas Bar No. 00790962
        E-Service: twadejefferies@twj-law.com
        ***Lead Counsel**

        **THE LAW FIRM OF T. WADE JEFFERIES**
        100 Congress Avenue, Ste. 2000
        Austin, Texas 78701
        Telephone: (512) 201-2727
        Facsimile: (512) 469-3711

        */s/ Randal L. Dean*
        Randal L. Dean, Texas Bar No. 00789249
        E-Service: rdean@brownpruitt.com
        Kyle Voss, Texas Bar No. 24093310
        E-Service: kvoss@brownpruitt.com

        **BROWN PRUITT WAMBSGANSS DEAN FORMAN & MOORE, P.C.**
        201 Main Street, Ste. 801
        Fort Worth, TX 76102
        Telephone: (817) 338-4888
        Facsimile: (817) 338-0700

        **ATTORNEYS FOR DEFENDANTS**

## Certificate of Service

    The undersigned attorney of record hereby certifies that a true and correct copy of the foregoing document has been served on all other counsel of record in this cause via the court's CM/ECF filing System on this the 30th day of May, 2025.

        */s/ T. Wade Jefferies*
        T. Wade Jefferies/Randal L. Dean