UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KEVIN CERVENKA, *individually and on behalf of all others similarly situated* | § § § § | |
| v. | § | CIVIL NO. 4:21-CV-813-SDJ |
| JUMPP LOGISTICS, LLC, ET AL. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Opposed Motion to Toll the Statute of Limitations for Putative Collective Members, (Dkt. #38), and the parties' subsequent briefing on the motion, (Dkt. #41, #42). Named Plaintiff Kevin Cervenka asks that the Court toll the Fair Labor Standard Act's statute of limitations for potential opt-in plaintiffs to this collective action. (Dkt. #38 at 1). Defendants oppose the motion. (Dkt. #41). Because the Court cannot toll the statute of limitations for unidentified, hypothetical parties, the Court will deny the motion.

## I. BACKGROUND

This is a proposed collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Named Plaintiff Kevin Cervenka worked for Defendants Jumpp Logistics, LLC and Couch Goat Quandary, LLC as a delivery driver for one year. (Dkt. #1 ¶ 32). Cervenka alleges that Defendants misclassified him and its other delivery drivers as independent contractors, instead of non-exempt employees, and failed to pay overtime compensation as required by the FLSA. (Dkt. #1 ¶¶ 1, 6).

1

Cervenka sued Defendants in October 2021. (Dkt. #1). Six months after Defendants filed their answer, Cervenka moved for court-approved notice of this collective action to "similarly situated" delivery drivers. (Dkt. #30 at 10–12). That motion remains pending before the Court. Meanwhile, even without court-approved notice, three individuals have opted in as plaintiffs since the filing of this action. *See* (Dkt. #25, #37).

Cervenka now asks the Court to toll the statute of limitations "for all putative collective members from May 31, 2022—the date Plaintiffs filed their Motion for Court-Authorized Notice—until the Court issues a ruling on that motion and notice is disseminated." (Dkt. #38 at 5). Importantly, Cervenka seeks tolling not on behalf of specific, identifiable individuals, but on behalf of yet-to-be-identified prospective plaintiffs who may join this action in the future. Cervenka argues that tolling is warranted here because "the delay in ruling on Plaintiffs' motion is entirely outside the control of putative collective members, and they remain unaware of their rights and the existence of this action due to the lack of court-authorized notice." (Dkt. #38 at 2–3). In response, Defendants argue that equitable tolling requires fact-specific determinations about individual parties and, thus, cannot be applied on a class-wide basis to prospective parties. *See* (Dkt. #41 at 4–5).

## II. LEGAL STANDARD

The FLSA provides a two-year statute of limitations for non-willful violations and a three-year statute of limitations for willful violations. 29 U.S.C. § 255(a). "[I]n a FLSA collective action, the statute of limitations for a named plaintiff runs from

the date that the plaintiff files the complaint, while the limitations period for an opt-in plaintiff runs from the opt-in date." *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916–17 (5th Cir. 2008).

The statute of limitations may be extended, however, via the doctrine of equitable tolling. In practice, equitable tolling "pauses the running of, or 'tolls,' a statute of limitations when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." *Arellano v. McDonough*, 598 U.S. 1, 6, 143 S.Ct. 543, 214 L.Ed.2d 315 (2023) (cleaned up). Accordingly, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255, 136 S.Ct. 750, 193 L.Ed.2d 652 (2016) (cleaned up). The second element is met "only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 257.

Though a "traditional feature of American jurisprudence," *Arellano*, 598 U.S. at 6 (cleaned up), equitable tolling is a "narrow exception" to the statute of limitations that should be "applied sparingly," *Phillips v. Leggett & Platt, Inc.*, 658 F.3d 452, 457 (5th Cir. 2011) (cleaned up). It is generally reserved for "situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by

his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

### III. DISCUSSION

Cervenka seeks equitable tolling on behalf of all future opt-in plaintiffs—that is, unidentified individuals who are not yet but may become parties to this case. The Court must deny the request for two reasons: First, and most fundamentally, equitable tolling cannot be applied on a group-wide basis to prospective or hypothetical parties because the doctrine requires fact-specific determinations about specific individuals. Second, failure to receive an opt-in notice to a particular lawsuit does not constitute an "extraordinary circumstance" justifying application of the equitable-tolling doctrine.

### A. Equitable Tolling Cannot Be Applied to a Group of Prospective Parties.

As explained above, "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee*, 577 U.S. at 255. This standard does not lend itself to group-wide tolling for hypothetical future parties. It requires instead that the Court make "fact-specific determinations" about specific individuals. *Sandoz v. Cingular Wireless, LLC*, No. 6:07CV1308, 2014 WL 3045532, at *4 (W.D. La. July 3, 2014) (cleaned up). In the FLSA collective-action context, these determinations "cannot be made until a putative plaintiff actually opts in to [the] collective action." *Id.* (cleaned up). Indeed, the Supreme Court's articulation of the tolling standard

presupposes that an *existing* party to the case is seeking to toll the statute of limitations *on his own behalf*. *See Menominee*, 577 U.S. at 255 (explaining that equitable tolling is warranted only where "*the litigant* establishes . . . that *he* has been pursuing his rights diligently" and "that some extraordinary circumstance stood in *his* way and prevented timely filing" (emphasis added)).

Numerous courts have come to the same conclusion. In *Eltayeb v. Deli Mgmt., Inc.*, another court in this district rejected a named-plaintiff's request to toll the statute of limitations for unidentified prospective opt-in plaintiffs in an FLSA collective action. No. 4:20-CV-385, 2024 WL 989490, at *3 (E.D. Tex. Mar. 7, 2024). It explained that "because no potential opt-in plaintiffs have been identified by Plaintiff, the Court cannot conduct a fact-specific inquiry as to whether those potential opt-in plaintiffs have diligently pursued their rights." *Id.*; *see also Coker v. Stonewater Roofing Co.*, No. 6:19-CV-211, 2020 WL 1451654, at *2 (E.D. Tex. Mar. 25, 2020) (denying equitable tolling where "[named-plaintiff] has neither argued nor shown that any particular opt-in plaintiff who may have filed after the statute of limitations acted diligently in discovering and pursuing their claims"). Similarly, in *Knox v. John Varvatos Enters. Inc.*, another district court denied equitable tolling where "[t]he plaintiffs on whose behalf equitable tolling is being sought have not been identified" and "[n]o information has been provided about their circumstances." 282 F.Supp.3d 644, 658 (S.D.N.Y. 2017). Thus, the court explained, it "cannot assess whether any potential opt-in plaintiff has diligently pursued her rights." *Id.* So too

here. Cervenka has not identified any specific opt-in plaintiffs, and the Court cannot assess whether hypothetical opt-in plaintiffs have diligently pursued their rights.

Cervenka points the Court to several cases tolling the statute of limitations for prospective opt-in plaintiffs. (Dkt. #38 at 3–5). The Court finds those cases unpersuasive. Cervenka particularly relies on the analysis of the equitable-tolling standard in the FLSA collective-action context as set forth in *Costellow v. Becht Eng'g Co.*, No. 1:20-CV-179, 2020 WL 8271875 (E.D. Tex. Dec. 16, 2020). There, the court considered whether the *named plaintiffs* acted with reasonable diligence, rather than the opt-in plaintiffs. *Id.* at *3 (tolling the statute of limitations for opt-in plaintiffs where named plaintiffs "acted with reasonable diligence" by "fil[ing] their motion to certify a collective action shortly after Defendant's Answer"). Respectfully, the Court disagrees with an approach to the tolling issue that focuses on the diligence of the named plaintiffs, rather than the opt-in plaintiffs. "For the FLSA statute of limitations to be equitably tolled [as to an opt-in plaintiff], [the] opt-in plaintiff, rather than the named plaintiff, must have exercised reasonable diligence in pursuing his or her rights." *Eltayeb*, 2024 WL 989490, at *2; *see also Sandoz v. Cingular Wireless, L.L.C.*, 700 F.App'x 317, 320–21 (5th Cir. 2017) (analyzing whether opt-in plaintiffs, not named plaintiff, exercised reasonable diligence).

## B. Lack of Opt-In Notice Is Not an "Extraordinary Circumstance."

Even if Cervenka had identified specific opt-in plaintiffs who generally pursued their rights diligently, he has not shown "that some extraordinary circumstance stood in [their] way and prevented timely filing." *Menominee*, 577 U.S.

at 255. Cervenka alleges that the Court's "extraordinary delay" in ruling on his motion for court-authorized notice—and the resulting lack of court-authorized notice to prospective plaintiffs—"constitutes an extraordinary circumstance warranting relief." (Dkt. #38 at 5). That is wrong.

In *Sandoz*, the Fifth Circuit held that failure to receive an opt-in notice to a particular collective action does not constitute an "extraordinary circumstance" justifying application of the equitable-tolling doctrine. 700 F.App'x at 321. That is because "[e]quitable tolling . . . focuses on whether an external obstacle 'prevented timely filing,' not on whether an external obstacle prevented timely filing *in a specific suit*." *Id.* (citing *Menominee*, 577 U.S. at 255). Opt-in plaintiffs must therefore identify some external obstacle—other than a lack of opt-in notice—preventing them from "discovering their claims and initiating [their own] suit." *Id*. The Fifth Circuit concluded that "when, as here, an employee's own inaction relegates opt-in notice from a specific suit as the only means of discovering an FLSA violation, we will not transform routine litigation into an extraordinary circumstance." *Id*.

Here, Cervenka has not identified an external obstacle preventing potential plaintiffs from timely joining this suit or initiating their own. He has not alleged, for example, that potential plaintiffs have "been induced or tricked by [their] adversary's misconduct into allowing the filing deadline to pass." *Irwin*, 498 U.S. at 96. Rather, "[p]otential opt-in plaintiffs have been free, for the entirety of this action, to discover their claims and give their written consent to join this action." *Coker*, 2020 WL 1451654, at *2. Indeed, several already have. *See* (Dkt. #25, #37). They have also been

free to initiate their own suits. Thus, Cervenka has not carried his burden to show that an extraordinary circumstance stood in the potential plaintiffs' way and prevented timely filing. *See Menominee*, 577 U.S. at 255.

### IV. CONCLUSION

For these reasons, Plaintiffs' Opposed Motion to Toll the Statute of Limitations for Putative Collective Members, (Dkt. #38), is **DENIED**.

**So ORDERED and SIGNED this 15th day of January, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE